## Illinois Central Railroad Company, Appellant, v. A. L. Woolery, Appellee.

DAMAGES—*when judgment reversed notwithstanding evidence shows plaintiff only entitled to nominal damages.* Notwithstanding the evidence adduced may show that the plaintiff was only entitled to nominal damages yet if it further appears from the record that upon another trial substantial damages may be recovered a reversal will be awarded.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cumberland county; the HON. M. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed October 14, 1911.

ULYSSES S. SCHWARTZ and JOHN G. DRENNAN, for appellant; BREWER & BREWER, of counsel.

BRYAN H. TIVNEN, for appellee; JAMES VAUSE, JR., of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff to recover freight charges for the shipment of two horses by appellee from New Orleans, Louisiana, to Neoga, Illinois. The trial below resulted in a verdict and judgment against plaintiff from which it appeals, urging the usual grounds for reversal.

This action was commenced originally before a justice of the peace; a judgment was taken by default before the justice of the peace for $100.25. From that judgment defendant prosecuted an appeal to the circuit court. The amount claimed by plaintiff upon that trial was $90.25.

Defendant delivered to plaintiff at New Orleans, Louisiana, two horses for shipment to Neoga, Illinois. The horses were race horses and had been used for

racing purposes both prior to and after the shipment.
The freight rate was higher upon race horses than
upon common horses. After the horses had been de-
livered to the company for shipment and had been
loaded upon the car, the agent of the railroad company
informed defendant that he had ascertained that these
were racing horses and insisted on defendant signing
a contract of shipment designating them as such. The
cars were then upon the track and defendant protested
against signing the contract of shipment presented to
him, but he was either compelled to sign this contract
as presented or permit the horses to be taken upon the
train without his accompanying them. Upon the ar-
rival of the horses at Neoga, defendant was permitted
to remove them from the car without the payment of
any freight charges, the agent at Neoga at that time
not knowing what the charges were.

The horses were shipped from New Orleans direct
to Neoga. Plaintiff had no rate upon a shipment of
this character from New Orleans, Louisiana, to Neoga,
Illinois, and insists that it is entitled to recover the
amount of the rate published as a requirement by the
Interstate Commerce Act, from New Orleans to Cairo,
and the local rate from Cairo to Neoga, Illinois. The
rate established under the Interstate Commerce Act
from New Orleans to Cairo was $78.75, and the other
was $11.52, but the record shows the horses were never
taken from New Orleans to Cairo and never taken
from Cairo to Neoga. They were taken from New Or-
leans to Mounds, Illinois, and from Mounds to Neoga,
Mounds being about nine miles from Cairo. There is
no evidence in this record of any rate from New Or-
leans to Mounds or from Mounds to Neoga and there
being no evidence of any rate by the defendant com-
pany from these points or from New Orleans to Neoga
and no contract rate agreed upon, if plaintiff can re-
cover at all it must be upon the theory of a reasonable
compensation for this shipment, and while there is no

evidence in this record of any such reasonable compensation or any reasonable rate of shipment, the plaintiff is entitled to recover for services rendered in this shipment. While the proof as it now stands only shows plaintiff is entitled to recover nominal damages, and a judgment will not be reversed to permit only nominal damages to be recovered, it is evident that on another trial plaintiff will be able to recover substantial damages.

Plaintiff insists, however, that in order to reach the station of Mounds from New Orleans the cars in which the horses were shipped were required to pass through the yard limits of the city of Cairo. This is wholly in the argument of counsel; there is no evidence in the record showing such to be the fact. Plaintiff insists that by reason of the cars passing through the yard limits of Cairo this constituted a shipment from New Orleans to Cairo and also a shipment from Cairo to Neoga and that the horses were, therefore, taken by it from New Orleans to Cairo and from Cairo to Neoga, and it is upon this contention that they undertake to recover their published rate from New Orleans to Cairo and from Cairo to Neoga. This contention cannot be sustained on this record.

The judgment in this cause is so palpably against justice and right that the judgment is reversed and the cause remanded.

*Reversed and remanded.*